# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CANDELARIO, | CASE NO. 1:09-cv-01534-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM |
| N. JOHNSON, et al., | (Doc. 1) |
| Defendants. | |

**Recommendation of Dismissal Following Screening of Complaint**

**I.      Screening Requirement**

Plaintiff Antonio Candelario, a state prisoner proceeding pro se and in forma pauperis, filed this civil action on August 31, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     **Plaintiff's Claims**

Plaintiff, who is incarcerated at Wasco State Prison, brings this action against Floor Officer N. Johnson, Tower Control Officer M. Lopez, and Floor Officer Green. The events giving rise to this action occurred at California State Prison - Corcoran.

Plaintiff alleges that on June 26, 2008, Defendant Lopez made inappropriate comments towards Plaintiff.

On June 29, 2008, in a seemingly unrelated incident, Plaintiff alleges that Defendant Johnson told Plaintiff's cellmate "I feel sorry for your celly." Plaintiff alleges that Defendant Johnson also notified custody staff that Plaintiff was arguing with the Registered Nurse who was passing out medication. Plaintiff accuses Defendant Johnson of having an attitude.

On the same day, Plaintiff alleges that Defendant Green pointed a finger at him. Plaintiff also alleges that on November 11, 2007, over six months' earlier, Defendant Green informed custody staff that Plaintiff was arguing with a Registered Nurse, which resulted in Plaintiff being scolded.

Plaintiff alleges deliberate indifference. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under

42 U.S.C. § 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

Plaintiff's allegations do not rise to the level of a constitutional violation.

### III.     Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted. The deficiency is not curable through amendment, <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and therefore, the Court RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. The Court also recommends that this dismissal count as a strike pursuant to 28 U.S.C. §1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **December 1, 2009**            **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE

3